IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NATHAN LEE COOK | § |
| | § |
| v. | §   A-14-CV-913 LY |
| | § |
| MIKE PEARCE, WARDEN, FEDERAL | § |
| CORRECTIONAL INSTITUTE, | § |
| BASTROP, TEXAS | § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Nathan Lee Cook's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on October 2, 2014 (Dkt. No. 1); Respondent's Motion to Dismiss for Abuse of Writ, filed on December 15, 2015 (Dkt. No. 9); and Petitioner's Reply, filed on December 29, 2014 (Dkt. No. 10).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

On September 8, 2004, while on parole for the state offenses of burglary and possession of a controlled substance, Nathan Lee Cook ("Cook") was arrested by state authorities for possession of 131.90 grams of methamphetamine and a firearm.  Based on the same conduct, on February 1, 2, 2005, Cook was indicted in the United States District Court for the Eastern District of Texas, Tyler Division, for possession with intent to distribute methamphetamine, possession of a firearm during

drug trafficking, felon in possession of a firearm and felon in possession of ammunition. *See United States v. Cook*, 6:05-CR-06 LED (E.D. Tex.– Tyler Div.). After Cook pled guilty to the offenses of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), the District Court sentenced him to 138 months imprisonment, followed by four years supervised release. Cook is currently serving out his sentence at the Federal Correctional Institute in Bastrop, Texas.

In the instant § 2241, Cook challenges the Bureau of Prisons' ("BOP") calculation of his sentence. Cook argues that he is entitled to credit against his federal prison sentence for time he served in the custody of the State of Texas.

## II. ANALYSIS

As noted above, Cook is challenging the BOP's calculation of his sentence and contends that he entitled to credit against his federal prison sentence for time he served in the custody of the State of Texas. Cook has asserted the same argument in a previous Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. On August 10, 2012, Cook filed a § 2241 Petition in the United States District Court for the Western District of Pennsylvania, challenging the BOP's refusal to credit the time Cook served in the custody of the State of Texas against his federal prison sentence. *See* Dkt. No. 9-2. After addressing Cook's arguments in great detail, the District Court determined that the BOP had properly calculated his sentence and denied Cook's § 2241 Petition. See Opinion and Order, *Cook v. Meeks*, 2014 WL 2154897 (W.D. Penn. May 22, 2014) (Dkt. No. 9-2).

The instant § 2241 Petition attempts to reassert the same arguments as asserted in Cook's previous unsuccessful § 2241 Petition. The Petition here fails to raise any new issues and thus is

an abuse of the writ. A § 2241 petition is considered to be abusive if it raises "the same legal issue" addressed and resolved in a prior filing. *United States v. Tubwell*, 37 F.3d 175, 177–78 (5th Cir.1994). Because Cook is raising the same arguments as he raised in his previous unsuccessful § 2241 Petition, the instant Petition is an abuse of the writ and should be dismissed. *See Williams v. Tamez*, 466 F. App'x. 326, 327 (5th Cir. 2012) (finding that district court did not abuse its discretion in dismissing a § 2241 petition as an abuse of the writ where the petition raised the same legal issue as a prior petition); *Jennings v. Menifee*, 214 F. App'x 406, 407 (5th Cir.) (affirming district court's dismissal of § 2241 petition for abuse of the writ), *cert. denied*, 550 U.S. 950 (2007). Accordingly, Respondent Mike Pearce's Motion to Dismiss for Abuse of Writ (Dkt. No. 9) should be granted.

### III.  RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **GRANT** Respondent Mike Pearce's Motion to Dismiss for Abuse of Writ (Dkt. No. 9) and **DISMISS** Nathan Lee Cook's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). The Magistrate Court **FURTHER RECOMMENDS** that the District Court **WARN** Nathan Lee Cook that any future abusive filings will result in the imposition of sanctions, including monetary sanctions and restrictions on his ability to file any future pleadings in this Court.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of March, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE